672 A.2d 823

**Evelyn GROM, Appellant,**

**v.**

**Deanna BURGOON, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1996.

Filed March 8, 1996.

618

Jeffrey Miller, Dravosburg, for appellant.

Patrick T. Narcisi, Pittsburgh, for appellee.

Before TAMILIA, FORD ELLIOTT and EAKIN, JJ.

EAKIN, Judge:

Appellant, Evelyn Grom, appeals from an order of the Family Court Division of the Court of Common Pleas of Allegheny County (Kaplan, J. presiding), which dismissed for lack of standing her petition for grandparent visitation rights. Upon review, we reverse and remand for further proceedings.

Appellant is the mother of Appellee, Deanna Burgoon. Andrew Grom is the son of Appellee and was born in June 1988. Andrew and his mother lived with Appellant in Appellant's home in Pittsburgh for approximately twenty (20) months, from Andrew's birth until March 1991 when he and Appellee moved to Florida. In June 1991, Andrew and Appellee left Florida and returned to live with Appellant until October 1991 when they again moved from Appellant's home.

On October 6, 1994, Appellant petitioned for grandparent visitation rights pursuant to the Custody and Grandparents Visitation Act,[1] 23 Pa.C.S. § 5313 ("When child has resided with grandparents"). The trial court dismissed Appellant's petition for lack of standing. In its opinion pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure, the trial court stated that Appellant's standing atrophied because she failed to file her petition within a reasonable time after Appellee removed Andrew from Appellant's home.

As a threshold question, Appellant argues that the trial court erred in raising the issue of standing *sua sponte.* In general, the question of standing is distinguishable from

---

1. The Act of October 30, 1985, P.L. 264, No. 66 § 1.

that of subject matter jurisdiction. However, when a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction. *Hill v. Divecchio*, 425 Pa.Super. 355, 625 A.2d 642 (1993), *alloc. denied*, 538 Pa. 613, 645 A.2d 1316 (1994). Standing then becomes a jurisdictional prerequisite to an action. *Id.* at 361, 625 A.2d at 645. It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte. Id.* at 361 n. 3, 625 A.2d at 645 n. 3.

Section 5313 of the Custody and Grandparents Visitation Act provides as follows:

If an unmarried child has resided with his grandparents or great-grandparents for a period of twelve months or more and is subsequently removed from the home by his parents, the grandparents or great-grandparents may petition the court for an order granting them reasonable partial custody or visitation rights, or both, to the child. The court shall grant the petition if it finds that visitation rights would be in the best interest of the child and would not interfere with the parent-child relationship.

23 Pa.C.S. § 5313. Clearly, section 5313 creates a cause of action for grandparent visitation and designates who may bring suit under its provisions. Thus, the trial court could consider the question of standing *sua sponte.*

We turn now to the question of whether the court erred in finding that Appellant lacked standing to petition for grandparent visitation rights under the statute. The basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning. 1 Pa.C.S. § 1903(a); *Commonwealth v. Stanley*, 498 Pa. 326, 335, 446 A.2d 583, 587 (1982). When the words of a statute are clear and unambiguous, a court cannot disregard them under the pretext of pursuing the spirit of the statute. 1 Pa.C.S. § 1921(a); *Coretsky v. Board of Commissioners of Butler Township*, 520 Pa. 513, 555 A.2d 72 (1989). Only if a statute is unclear may a court embark upon the task of ascertaining the intent of the legislature by reviewing the

necessity of the act, the object to be attained, the circumstances under which it was enacted and the mischief to be remedied. *Id.* at 517–18, 555 A.2d at 74 (citing 1 Pa.C.S. § 1921(c)).

■ , The language of section 5313 is clear and unambiguous. It confers upon grandparents with whom the child has resided for twelve months or more and from whom the child is subsequently removed, standing to petition for visitation. *Rigler v. Treen,* 442 Pa.Super. 533, 536–37, 660 A.2d 111, 113 (1995). In the instant case, Andrew lived with Appellant and Appellee for approximately 20 continuous months, from June 1988 until he was "subsequently removed." Clearly, this confers standing upon Appellant.

■ Furthermore, section 5313 does not set forth a time limit within which eligible grandparents must petition for visitation or else forfeit their standing. To imply a time limit regarding when a petition must be filed is to add this requirement to the already existing provisions of the statute. Our duty to interpret statutes does not include a right to add provisions the legislature has omitted. *See Commonwealth v. Rieck Investment Corp.,* 419 Pa. 52, 59, 213 A.2d 277, 282 (1965) (it is not for the court to add to a statute, by interpretation, a requirement the legislature did not see fit to include); *Garcia v. Community Legal Services Corp.,* 362 Pa.Super. 484, 524 A.2d 980 (1987), *alloc. denied,* 517 Pa. 623, 538 A.2d 876 (1988) (same). This is precisely what the trial court did in the instant case when it opined that the term "subsequently" in section 5313 included an obligation on the part of the grandparent to file the visitation petition within a reasonable time after the child's removal. To reiterate, the letter of a statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921.

Consequently, we hold that Appellant did not lose standing to petition for visitation under 23 Pa.C.S. § 5313 because she filed her petition three years after her grandson moved out of

her home.[2]   However, while we conclude that Appellant has standing, we pass no judgment on the merits of her petition and remand this case to the trial court for proceedings consistent with this opinion.

Order reversed; case remanded for further proceedings. Jurisdiction relinquished.

**2.**   While irrelevant to the issue of standing, the time between removal of the child and the filing of the petition, as well as the relationship among all concerned during that time, may well be relevant in determining the ultimate issue, namely the best interest of the child.   These factors may also account for any delay in the petition being filed, where, for example, regular visits between the grandparent and the child after the child's removal cause the grandparent to forgo filing.   In such a case, the grandparent would have no need to petition for what already exists. Because of its ruling on the standing issue, however, the trial court did not explore the reason for the delay or the parties' relationship, as the certified record reflects.