J-A18001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D.L.L., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| H.L.R. AND D.L.R., | |
| Appellees | No. 2141 MDA 2013 |

Appeal from the Order entered November 1, 2013,
in the Court of Common Pleas of Berks County,
Civil Division, at No(s): 13-5543

BEFORE:  LAZARUS, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED SEPTEMBER 16, 2014**

D.L.L. ("Maternal Grandmother") appeals from the Order entered on November 1, 2013, dismissing her Complaint for custody of her grandchild ("Child"),[1] against Child's mother, H.L.R. ("Mother"), and Child's father, D.L.R. ("Father"), based on lack of standing under section 5325 of the Child Custody Act ("Act"), 23 Pa.C.S.A. §§ 5321 to 5340, and improper venue

---

[1] In the Custody Complaint, Maternal Grandmother averred that the name and birth date of Child were unknown to her.  Custody Complaint, 4/22/13, at ¶ 3.

under Rule 1915.2 of the Pennsylvania Rules of Civil Procedure.[2] We affirm.

The trial court set forth the procedural history of this appeal as follows:

> On April 22, 2013, [Maternal Grandmother] filed a Complaint for custody of [Child. Mother and Father] are the biological parents of [] Child. [Mother and Father] filed Preliminary Objections to [Maternal Grandmother's] Custody Complaint alleging that Maternal Grandmother does not have standing to seek custodial rights of [] Child and that venue is improper in Berks County. On October 23, 2013[,] [the trial court] heard argument on [Mother and Father's] Preliminary Objections[,] and[,] on November 1, 2013[,] issued an Order dismissing [Maternal Grandmother's] Custody Complaint due to lack of standing under 23 Pa.C.S.[A. §] 5325[,] and improper venue under Rule 1915.2 of the Pennsylvania Rules of Civil Procedure.

Trial Court Opinion, 12/30/13, at 1 (unnumbered).

Maternal Grandmother timely filed a Notice of Appeal. On December 3, 2013, the trial court issued an Order directing Maternal Grandmother to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b) within twenty-one days. On December 16,

---

[2] In her Custody Complaint, Maternal Grandmother seeks visitation with Child. **See** Custody Complaint, 4/22/13, at ¶ 6. Under the Act, a request for visitation is construed to mean a request for "partial physical custody," "shared physical custody," or "supervised physical custody." **See** 23 Pa.C.S.A. § 5322(b). Thus, we will refer to Maternal Grandmother's request for visitation as a request for custody.

J-A18001-14

2013, Maternal Grandmother filed a Concise Statement.[3]

On appeal, Maternal Grandmother raises the following issue for our review:

> Whether the [trial] court improperly dismissed [Maternal Grandmother's] Custody Complaint seeking [physical custody] of [Child] based on the determination she did not have standing under [] 23 Pa.C.S.[A. §] 5325[,] when the court already granted standing and entered a final [O]rder with respect to an older sibling of [C]hild []?

---

[3] Pursuant to Pa.R.A.P. 1925(a)(2)(i), Maternal Grandmother was required to file her Concise Statement at the same time that she filed her Notice of Appeal. However, her failure to file her Concise Statement simultaneously with her Notice of Appeal is not a fatal defect. **See In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (finding that the appellant's failure to simultaneously file a Rule 1925(b) concise statement did not result in waiver of all issues for appeal where the appellant later filed the statement, and there was no allegation of prejudice from the late filing). Here, Maternal Grandmother timely complied with the trial court's Order directing her to file a concise statement. Because we discern no prejudice to Mother and Father from Maternal Grandmother's late-filed Concise Statement, we will not find waiver of the issues properly raised in her Concise Statement.

Maternal Grandmother's Brief at 4.[4]

Our scope and standard of review of a trial court's order sustaining preliminary objections are as follows:

> Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. To determine whether preliminary objections have been properly sustained, this [C]ourt must consider as true all of the well-pleaded material facts set forth in appellant's complaint and all reasonable inferences that may be drawn from those facts.

***Chester County Children and Youth Serv.'s v. Cunningham***, 636 A.2d 1157, 1158 (Pa. Super. 1994) (internal citations omitted). "When no issues of fact are raised, the court shall dispose of the preliminary objections as a matter of law on the basis of the pleadings alone." ***R.M. v. J.S.***, 20 A.3d

---

[4] In her Brief on appeal, Maternal Grandmother also raises the issue of venue. ***See*** Maternal Grandmother's Brief at 8. When an appellant is directed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), appellant's concise statement must properly specify the error(s) to be addressed on appeal. ***See In re A.B.***, 63 A.3d 345, 350 (Pa. Super. 2013); ***see also*** Pa.R.A.P. 1925(b)(4)(ii) (requiring that the concise statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"); Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived"). This Court may find waiver where a concise statement is too vague. ***See In re A.B.***, 63 A.3d at 350. Here, Maternal Grandmother failed to sufficiently raise the issue of venue in her Concise Statement. Therefore, it is waived. We additionally note that Maternal Grandmother did not raise the issue of venue in her Statement of Questions Involved, as required by Pa.R.A.P. 2116(a). However, even if this issue had not been waived, we would have determined that it lacks merit.

496, 508-09 (Pa. Super. 2011). "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." *In re B.L.J.*, 938 A.2d 1068, 1071 (Pa. Super. 2007).

Further, threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary. *See Johnson v. Am. Std.*, 8 A.3d 318, 326 (Pa. 2010). In matters arising under the Act, standing to seek partial, shared or supervised physical custody of a child is conferred on a grandparent in any of the following situations:

> (1) where the parent of the child is deceased, a parent or grandparent of the deceased parent may file an action under this section;
>
> (2) where the parents of the child have been separated for a period of at least six months or have commenced and continued a proceeding to dissolve their marriage; or
>
> (3) when the child has, for a period of at least 12 consecutive months, resided with the grandparent or great-grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, an action must be filed within six months after the removal of the child from the home.

23 Pa.C.S.A. § 5325.

Maternal Grandmother concedes that Mother and Father are alive, and that they have not been living separately. Maternal Grandmother's Brief at 7. Maternal Grandmother does not contend that Child has been living with

her for a period of at least 12 consecutive months. *Id*. Thus, Maternal Grandmother has not asserted any basis for standing under section 5325.

Nevertheless, Maternal Grandmother points out that the trial court previously determined, in a separate action, that she had standing to seek custody of Mother and Father's older child ("Older Sibling"). Maternal Grandmother's Brief at 7. Maternal Grandmother asserts that, by rendering inconsistent rulings regarding her standing, the trial court has created a situation where Child and Older Sibling are treated differently as to Maternal Grandmother. *Id*. Maternal Grandmother contends that the trial court's ruling will encourage Mother and Father to assert that it is no longer in Older Sibling's best interests to have a relationship with Maternal Grandmother.[5] *Id*.

The trial court found the following with regard to Maternal Grandmother's standing under section 5325.

> The facts of this case are distinctive from the action where [Maternal] Grandmother had standing concerning [Older Sibling]. [Maternal] Grandmother had standing to pursue custody with [Older Sibling] because[,] for the initial year and a half of [Older Sibling's] life, Mother and [Older Sibling] lived with Maternal Grandmother. The instant case is different. Maternal Grandmother has never met [] Child. Maternal Grandmother

---

[5] Maternal Grandmother relies on *Grom v. Burgoon*, 672 A.2d 823 (Pa. Super. 1996), in support of her argument that the trial court erred by determining that she lacks standing to seek custody of Child. Maternal Grandmother's Brief at 8. However, Maternal Grandmother's reliance on *Grom* is misplaced, as it was decided under the prior Grandparents' Visitation Act, 23 Pa.C.S.A. § 5313 (repealed, effective January 24, 2011), and is legally and factually distinguishable from this case.

does not know the name of [] Child. It is clear to this [c]ourt that the [Mother and Father] intentionally avoided any contact or interaction between Maternal Grandmother and [] Child because of the custody issues they are confronted with concerning [O]lder [S]ibling and Maternal Grandmother. This [c]ourt has not found any of the situations to exist delineated in 23 Pa.C.S.[A. §] 5325[,] and properly dismissed [Maternal Grandmother's Custody] Complaint based on lack of standing.

Trial Court Opinion, 12/30/13, at 2-3 (unnumbered). As Maternal Grandmother has failed to satisfy any of the requirements of section 5325, we find no abuse of the trial court's discretion in concluding that she lacked standing to seek custody of Child.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2014

---

[6] Maternal Grandmother also relies on **L.A.L. v. V.D.**, 72 A.3d 690 (Pa. Super. 2013), in support of her argument that the trial court was required to consider the factors set forth in section 5328(c)(1)(i-iii). Maternal Grandmother's Brief at 8. However, those factors are to be considered by a trial court only when a grandparent has standing. **See L.A.L. v. V.D.**, 72 A.3d at 695. Because Maternal Grandmother lacked standing to seek custody of Child, the trial court did not err by failing to consider the factors set forth in section 5328(c)(1)(i-iii).