J-S02032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SAMIR HICKSON | |
| Appellant | No. 776 EDA 2016 |

Appeal from the Order February 9, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 150402676 April Term 2015

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SAMIR HICKSON | |
| Appellant | No. 780 EDA 2016 |

Appeal from the Order February 18, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 130404701 April Term 2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.: **FILED JUNE 06, 2017**

Samir Hickson appeals, *pro se*, from the February 9, 2016 and February 18, 2016 orders of the Philadelphia County Court of Common Pleas denying his petitions to open and/or strike default judgment and set aside

sheriff's sale. We quash the appeal at 776 EDA 2016[1] and affirm the trial court's order at 780 EDA 2016.

Judge Nina Wright Padilla comprehensively set forth the procedural history of this case in her Pennsylvania Rule of Appellate Procedure 1925(a) opinion, which we adopt and incorporate herein. **See** Opinion, 8/5/16, at 1-7 ("1925(a) Op.").

Preliminarily, we must determine whether Hickson has properly preserved any claims for appellate review. First, Hickson raises 23 issues in his statement of questions involved; this violates Pennsylvania Rule of Appellate Procedure 2116(a), which requires that the appellant "state concisely the issues to be resolved" on appeal. **See** Hickson's Br. at 16-19. Second, Hickson's Rule 1925(b) statement is four pages long and contains 45 separately numbered sentences in violation of Rule 1925(b)(4), which provides that the statement "shall concisely identify each ruling or error" and

_____

[1] Hickson filed separate notices of appeal from the February 9, 2016 order entered by Judge Linda Carpenter (776 EDA 2016) and the February 18, 2016 order entered by Judge Nina Wright Padilla (780 EDA 2016). This Court consolidated the appeals for disposition because they involve related issues and the same parties. However, in his principal and reply briefs, which were filed at both dockets, Hickson only challenges Judge Padilla's February 18, 2016 order. Neither brief addresses Judge Carpenter's February 9, 2016 order. Moreover, the cover pages of both briefs identify Hickson's appeal as being from Judge Padilla's February 18, 2016 order. **See also** Pa.R.A.P. 1925(b) Stmt., 3/24/16, ¶¶ 6-7. Accordingly, because Hickson has effectively abandoned his appeal from Judge Carpenter's February 9, 2016 order, we quash the appeal at 776 EDA 2016.

"should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(ii), (iv).

> Our Court has explained the requirements of Rule 1925(b) as follows:
>
> > [Rule] 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. . . . [W]hen appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have "deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise." We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. "Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues."

*Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007) (alterations in original; citations omitted), *aff'd*, 977 A.2d 1170 (Pa. 2009).

While we could find all of Hickson's claims waived for his filing of a lengthy, disjointed Rule 1925(b) statement,[2] Judge Padilla was able to discern the following issues from Hickson's statement: (1) whether the trial court lacked subject matter jurisdiction over the mortgage foreclosure action; and (2) whether the trial court erred in denying the petition to open

---

[2] Hickson's *pro se* status does not excuse him from complying with the requirements of Rule 1925(b). *See Commonwealth v. Schofield*, 888 A.2d 771, 773-75 (Pa. 2005) (rejecting more lenient application of Rule 1925(b)'s requirements in *pro se* cases).

and/or strike default judgment and set aside sheriff's sale. **See** 1925(a) Op. at 8-12.[3]  Because Judge Padilla has addressed these issues, our ability to conduct meaningful appellate review has not been completely hindered by Hickson's deficient filings.  **See Kern v. Kern**, 892 A.2d 1, 6 (Pa.Super. 2005) (stating that appellate court may address issues when appellant's failure to follow Rules of Appellate Procedure does not hamper review). Thus, we limit our review to the issues identified and addressed by Judge Padilla.

Based on our review of the certified record, the parties' briefs, and the relevant law, we conclude that the trial court had subject matter jurisdiction over the mortgage foreclosure action and did not err in denying Hickson's petition to open and/or strike default judgment and set aside sheriff's sale. We reach these conclusions for the reasons stated in Judge Padilla's well-reasoned opinion, which we adopt and incorporate herein.  **See** 1925(a) Op. at 7-12.

Appeal quashed at 776 EDA 2016.   Order affirmed at 780 EDA 2016.

---

[3] Hickson also addresses these issues in his brief, albeit circuitously.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2017

Circulated 05/12/2017 08:35 AM

$502032-17$

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL DIVISION

DEUTSCHE BANK NATIONAL TRUST COMPANY  :  SUPERIOR COURT No.
                :  780 EDA 2016

    v.              :
                :  April Term 2013, No. 4701

SAMIR HICKSON, et al         :

## OPINION

Appellant, Samir Hickson, appeals from this court's denial of his Petition to Open, Strike, and Set Aside Sheriff's Sale, docketed February 18, 2016. Although the Notice of Appeal was filed by Samir Hickson, the Statement of Matters Complained of on Appeal was filed by "Khalil Hakim, on behalf of Samir Hickson." It is unclear from the pleadings whether "Khalil A. Hakim" is an alias of Samir Hickson, or a separate party.

## FACTUAL AND PROCEDURAL HISTORY

This case commenced April 30, 2013 with the filing of a Complaint in Mortgage Foreclosure. The Complaint averred that Appellant, Samir Hickson, is the owner of the Proeprty located at 4611 Wayne Avenue, Philadelphia, Pennsylvania, 19144, and that on March 16, 2007, Appellant executed a mortgage in favor of IndyMac Bank, F.S.B., for a principal sum of $130,000.00. *See* Complaint, ¶¶ 1-4. The Complaint further averred that the mortgage was in default as of December 1, 2007. *See* Complaint, ¶ 5. Appellee sought a total judgment amount of $231,840.87. *See* Complaint, ¶ 6.

On June 19, 2013, Appellee filed a Motion for Alternative Service.

On June 21, 2013, Judge Leon Tucker granted Appellee's Motion for Alternative Service.

On August 7, 2013, Appellee filed an Affidavit of Service of the Complaint upon Appellant by posting the premises on July 13, 2013.

On August 12, 2013, Appellee filed an Affidavit of Service upon Appellant by certified mail and first class regular mail.



On August 14, 2013, Appellant filed an Answer to the Complaint. The Answer, which alternately referred to Appellant as a Plaintiff and Defendant, accused Appellee of "purposeful fraud in attempting to appear as **CREDITOR** . . . they are not the **CREDITOR** and therefore **NOT the Real Party in interest** in this instant matter." *See* Answer, ¶ 1. The Answer also requested a "temporary restraining order for [Appellee's] fraud; and [Appellee's] use of void contract pursuant to American Jurisprudence Second Edition 46 ¶ 203 and Pennsylvania Revised Statutes . . ." The Answer accused Appellee of destroying the "genuine original promissory note to 'securitize' the note" and averred that Appellee's use of "legalese" in the mortgage documents was a "criminal act of 'conversion through fraudulent means' and therefore the mortgage documents are evidence of a criminal act and cannot be used by this court in the instant matter." *See* Answer, ¶¶ 1-10. The Answer raised other alleged counterclaims, and questioned the jurisdiction of this court, in a disjointed and rambling fashion, alternately citing Federal and State Rules of Civil Procedure and case law.

On August 30, 2013, Appellee filed Preliminary Objections to Appellant's Answer, arguing the Answer should be dismissed for failure to conform to a number of laws or rules of court, and by demurrer, as the counterclaims were legally deficient, as Appellee was in possession of a true and correct copy of the endorsed promissory note. *See* Preliminary Objections, ¶¶ 1-40.

On September 23, 2013, Appellant filed an Answer in Opposition to Appellant's Preliminary Objections, which again contained disjointed and rambling accusations that accused Appellees of conduct such as "altering the Promissory Note [causing] said Promissory Note to become a 'check'" as well as "[committing] numerous felonies against [Appellant] and the State of Pennsylvania when [Appellee] . . . filed said forged, fraudulent, and/or false documents into the Philadelphia County Recorder's Office." *See* Answer in Opposition to Preliminary Objections, ¶¶ 1-13.

On October 9, 2013, Judge Tucker sustained Appellee's Objections and dismissed the Answer to the Complaint without prejudice, ordering that any New Matter or Counterclaim shall comply with the applicable Rules of Pennsylvania Civil Procedure.

2

On October 9, 2013, Appellant filed a Motion to Dismiss the Complaint, averring that: the complaint alleged a cause of action for breach of contract but Appellee failed to allege "ultimate facts" to establish that it had suffered damages; that service was not proper as all indispensable parties had not been named; that the Complaint had not been filed in the proper venue; "statute of fraud – unlawful conversion without full disclosure and/or disclaimer;" that the Complaint violated "the doctrine of acumen;" that the Complaint lacked a "claim in which relief can be granted and subject matter jurisdiction" and that the Complaint did not "identify the mortgage as an investment contract;" that Appellee was not the real party in interest; and "breach of fiduciary duties by the trustees in making modifications of the original contract by converting the promissory note . . . to securities and endorsing the note without recourse therefore leaving no true holder in due course." Appellant's Memorandum of Law repeated the arguments of his Answer to the Complaint and response to Appellee's Preliminary Objections.

On October 29, 2013, Appellee filed Preliminary Objections to Appellant's Motion to Dismiss, for failure to conform to laws and rules of court, as it was not a proper pleading pursuant to the Pennsylvania Rules of Civil Procedure; because the Motion was pled with insufficient specificity; and because the Motion was legally insufficient.

On October 31, 2013, Appellant filed an Amended Answer to the Complaint. The Answer denied all of Appellee's allegations and "specifically denie[d]" "that conditions precedent to Plaintiff's Standing, Party of Real Interest, Holder in Due Course, and Right of Action." The Answer raised a number of affirmative defenses. The Answer requested this court enter judgment in his favor, quieting title to the Property, and awarding costs and attorney's fees.

On November 5, 2013, Judge Tucker sustained Appellee's Preliminary Objections and dismissed Appellant's Motion to Dismiss with prejudice.

On November 14, 2013, Judge Tucker denied Appellant's Motion to Dismiss.

3

On November 19, 2013, Appellee filed Preliminary Objections to Appellant's Amended Answer, for failure to conform to laws and rules of court; for defenses pled with insufficient specificity; by demurrer for lack of supporting factual allegations; and that a number of Appellant's affirmative defenses were legally insufficient.

On December 13, 2013, Judge Tucker sustained the Preliminary Objections and struck Appellant's Answer and Affirmative Defenses with prejudice.

On December 26, 2013, Appellant filed a second Motion to Dismiss, averring that "in light of Defendant's **NOTICE OF ADMINISTRATIVE JUDGMENT, FINAL EXPRESSION IN A RECORD, AND PRESENTMENT OF EVIDENCE UNDER NOTARY SEAL, THAT AN agreement having being reached between the parties**" [sic], the Complaint should be dismissed with prejudice.

On January 15, 2014, Appellee filed Preliminary Objections to Appellant's Motion to Dismiss, as it did not comply with the laws or rules of the court; that it did not plead its allegations with sufficient specificity; and that the Motion was legally insufficient.

On January 21, 2014, Judge Tucker denied Appellant's Motion to Dismiss.

On February 10, 2014, Appellant filed a Memorandum, requesting that this court dismiss Appellee's Preliminary Objections to its Motion to Dismiss "with prejudice as the issue before the Court is Res Judicata/Estoppel and without Jurisdiction of the Court as there is no dispute and the matter is privately settled."

On February 21, 2014, Appellee's Preliminary Objections were dismissed as moot.

On April 17, 2014, Appellee entered a Judgment by Default against Appellant in the amount of $231,128.61. That same day, Appellee filed a Praecipe to issue Writ of Execution.

On June 11, 2014, Appellee filed an Affidavit of Service of Notice of Sale upon Appellant by first class regular mail, by certified mail, and by posting the premises.

On July 3, 2014, the Property was sold at Sheriff's Sale for $35,000.00.

4

On January 9, 2016, Appellant[1] filed a Miscellaneous Motion titled "Mandatory Judicial Notice Pursuant to 45 Pa.C.S. § 506,[2] Pa.R.E. 201(b)(d)(e)(f)."[3] This Motion requested that this court take judicial notice of the fact that Appellant "[did] not believe that Salvatore Carollo and/or UDREN LAW OFFICES, P.C. SUCCESSORS/ASSIGNS have the authority to act for the Plaintiff and hereby and herein make a substantive challenge as a matter of right as to associated fundamental principles of LAW both State and Federal." The Motion further demanded that Appellee's counsel provide "proof" of their "authority," and requested a hearing by this court to declare "specifically whether it presumes that Salvatore Carollo and/or UDREN LAW OFFICES . . . are employees, agents OR independent contractors." The Motion accused Appellee's counsel of violating the Constitution and proceeding in the "criminal cover up of criminal acts."

That same day, "Khalil A. Hakim," on behalf of Appellant, filed a Petition to Open Judgment. The Petition requested that this court strike the default judgment, set aside the sheriff's sale, and allow Appellant to file an Answer and New Matter and Affidavit in Support of his Motion. The Motion further argued that plaintiff did not allege how or why this court had jurisdiction over the parties or the case; that Appellee had not attached a promissory note; and further rambling allegations that had been previously argued in other Motions filed by Appellant, regarding Appellee's alleged lack of "injury" or standing.

On January 29, 2016, Appellee filed a Brief in Opposition to Appellant's Petition to Open Judgment, arguing that this court should deny the Petition to Open as it was not promptly filed;

---

[1] On the docket, this Motion was filed by "Khalil A. Hakim on behalf of Samir Hickson." It is unclear from the pleadings, and from the docket, who Khalil A. Hakim is. Hakim is not a party to the litigation. He is mentioned nowhere in the motion. Additionally, the filings are still signed by Appellant.

[2] "The contents of the code, of the permanent supplements thereto, and of the bulletin, shall be judicially noticed." 45 P. S. § 506.

[3] Appellant cited a Rule of Evidence referring to this court's ability to take judicial notice of adjudicative facts, where a fact is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Pa.R.E. 201(a)-(b). The sections Appellant cites are that this court may take judicial notice at any time in the proceeding, and that "on timely request" a party is entitled to be heard on the propriety of taking judicial notice, and that the court may instruct a jury regarding judicially noticed facts.

5

Appellant had not provided a reasonable excuse for the delay; and that Appellant had not pleaded a meritorious defense to the allegations contained in the Complaint. Further, Appellee argued that the court should deny the Petition to Set Aside the Sheriff's Sale as the deed had already been recorded on November 19, 2014; and that since the delivery of the Sheriff's Deed, Appellee had obtained judgment in possession in a separate ejectment action, and that Appellant had not averred allegations of fraud which would provide the basis for the setting aside of the sheriff's sale post-delivery of the deed, and that the Motion was full of conclusions of law, indecipherable arguments, and unfounded challenges to Appellee's standing to bring the foreclosure action.

On February 8, 2016, this court dismissed Appellant's Miscellaneous Motion as procedurally improper, and denied his Motion to Open Judgment.

On February 23, 2016, "Khalil A. Hakim" on behalf of Appellant filed a second Miscellaneous Motion entitled "Mandatory Judicial Notice." It was substantially similar to his previous Miscellaneous Motion entitled "Mandatory Judicial Notice," which this court had already dismissed as procedurally improper.

On February 24, 2016, "Khalil A. Hakim" filed a Motion for Reconsideration, repeating the same allegations of previous motions, and, among other accusations, accusing this court of having "partiality regarding pro se litigants and mortgage foreclosures." The Motion was rife with falsehoods and other misstatements of law, as when Appellant claimed that "[this court] transferred Defendants property to DBNT as a taxable event," referring to this court's order denying Appellant's Motion to Open Judgment. Appellant's memorandum of law relied largely upon quotations from the Bible.

On February 25, 2016, "Khalil A. Hakim" filed a Praecipe to Supplement his Motion for Reconsideration. The Praecipes contained requests for Appellees to provide him with "counter affidavits" otherwise Appellees' "silence stands as consent and as implied and tacit approval of the factual declarations herein being established as fact as a matter of law."

On March 1, 2016, Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania.

On March 2, 2016, Appellee filed a brief in opposition to Appellee's Motion for Reconsideration, arguing that his motion had not provided any basis upon which relief should be entered in his favor, as it did not provide new facts or law.

On March 3, 2016, this court issued its Order pursuant to Pa. R.A.P. 1925(b), directing Appellant to file his Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On March 10, 2016, Appellee filed a Brief in opposition of Appellant's Miscellaneous Motion.

On March 16, 2016, this court denied "Khalil A. Hakim"'s Motion for Reconsideration.

On March 24, 2016, "Khalil A. Hakim" on behalf of Samir Hickson filed his Statement of Matters Complained of on Appeal. The Statement of Matters Complained of is not concise, but lists forty-five (45) alleged errors. Pa.R.A.P. 1925(b) states that: the statement shall set forth only those rulings or errors the appellant intends to challenge; that the statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues to the trial judge; the statement should not be redundant or provide lengthy explanations as to any error and where **non-redundant, non-frivolous** issues are set forth in an appropriately concise manner, the number of errors raised will not alone be the grounds for finding a waiver of said issues; however, issues not raised in accordance with the provisions of paragraph (b)(4) are waived. Pa.R.A.P. 1925(b)(i)-(vii) (emphasis added).

## DISCUSSION

Appellant attacks, on a number of grounds, this court's denial of his petition to strike and/or open judgment and set aside sheriff's sale. As a first note, Appellant's petition contained a procedural flaw in that it improperly joined two requests for relief; though all grounds for relief in a petition to strike and/or open judgment must be asserted in a single petition, the motion to set aside sheriff's sale

7

should have been filed separately. *See US Bank N.A. v. Mallory*, 2009 PA Super 182, 982 A.2d 986, 988 (Pa. Super. Ct. 2009); *Mother's Rest. Inc. v. Krystkiewicz*, 2004 PA Super 411, 861 A.2d 327, 336 (Pa. Super. Ct. 2004); Pa.R.C.P. 206.1.

In order to obtain relief from the entry of a default judgment, the law provides two distinct remedies – an aggrieved party may file a petition to strike the default judgment and/or a petition to open the default judgment. *Mother's Rest. Inc. v. Krystkiewicz*, 2004 PA Super 411, 861 A.2d 327, 336 (Pa. Super. Ct. 2004). They are generally *not* interchangeable; a petition to strike does not involve the discretion of the court but is a demurrer to the record. *Id.* A petition to open judgment, on the other hand, is an appeal to the equitable powers of the court. *Id.* The standard of appellate review is that of abuse of discretion with regard to the petition to open only; the court's decision will not be reversed absent an abuse of discretion or error of law. *Erie Ins. Co. v. Bullard*, 2003 PA Super 448, 839 A.2d 383, 386 (2003).

## I.    SUBJECT MATTER JURISDICTION

First, this court would address the issue of subject matter jurisdiction. At all times, this court had subject matter jurisdiction to hear this case.

"Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject-matter in a given case... Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect." *Bernhard v. Bernhard*, 447 Pa. Super. 118, 124, 668 A.2d 546, 548-49 (1995). The trial court has jurisdiction if it is competent to hear and determine controversies of the general nature of the matter involved; it lies if the court "had power to enter upon the inquiry." *Id.* The question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte. Grom v. Burgoon*, 448 Pa. Super. 616, 619, 672 A.2d 823, 824-25 (1996). Per statute, this Court has unlimited original jurisdiction over all actions and proceedings, except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503. 42 Pa.C.S. §

8

931. Appellant has provided no authority or argument as to why this Court did not have subject matter jurisdiction to hear a mortgage foreclosure.

## II.   PETITION TO STRIKE DEFAULT JUDGMENT

As noted above, a petition to strike is a demurrer to the record. *Mother's Rest., Inc.,* 861 A.2d at 336. Such a demurrer "admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts," and the court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment. *Id.* A petition to strike may be granted only if a fatal defect appears on the record. *Id. See also U.K. LaSalle, Inc. v. Lawless,* 421 Pa.Super. 496, 618 A.2d 447 (1992). A petition to strike does not involve the discretion of the court. *Triangle Printing Co. v. Image Quest,* 730 A.2d 998, 999 (Pa. Super. 1999).

Many of Appellant's arguments regarding defects in the record are also attempts to argue that this court did not possess subject matter jurisdiction over the instant matter. Appellant presents a number of arguments as to why the record reflected defects, namely that Appellee was never the "holder in due course" associated with the case at bar, that Appellee never owned the promissory note, and that Appellee "failed to establish the courts' jurisdiction over the Appellee and the Appellant." Appellant's arguments regarding this court's lack of jurisdiction appear to relate to the fact that he attempted to "challenge" Appellee's jurisdiction and that Appellee allegedly "failed to prove" its jurisdiction. However, these assertions are incorrect. As noted above, this court has original jurisdiction over all actions and proceedings. It is not Appellee's responsibility to "prove its jurisdiction." Appellant's "challenges" to jurisdiction were properly dismissed as procedurally improper. Further, there were no flaws evident from the record that would result in this court's loss of jurisdiction.

Further, Appellee complied with all requirements of Pa.R.C.P. 1147 in its Complaint, including naming the parties to and the date of the mortgage; a description of the land subject to the mortgage; the names, addresses, and interests of the defendant in the action; a specific averment of default; an itemized statement of the amount due; and a demand for judgment of the amount due. That alone

9

would have been enough to establish that the Complaint was properly filed such that this court would possess jurisdiction. *Bank of New York Mellon v. Johnson*, 2015 PA Super 174, 121 A.3d 1056, 1063 (2015). Additionally, Appellee provided this court with a copy of the Promissory Note, signed by Appellant. Insofar as could be determined from the record, this mortgage foreclosure and default judgment were properly entered. Appellant's arguments that the mortgage and promissory note were forged are baseless.

Thus, there was no ground provided on which to strike the judgment.

## III.    PETITION TO OPEN DEFAULT JUDGMENT

Petitions to open judgment are appeals to the discretion of the trial court and will not be reversed absent a manifest abuse of discretion or error of law. *Erie Ins. Co. v. Bullard*, 2003 PA Super 448, 839 A.2d 383, 386 (2003). Petitions to open judgment must show that: the petition was promptly filed; the failure to appear or file a timely answer must be excusable; the party seeking to open the judgment must show a meritorious defense. *Mother's Rest., Inc.*, 861 A.2d at 336. The Court may consider facts not before it at the time judgment was entered. *Id.*

### a. *Prompt Filing*

The timeliness of a petition to open is measured from the date that notice of the entry of default was received; while there is not a specified time period, the court should consider the length of time between discovery of the entry of default, and reason for the delay. *Myers v. Wells Fargo Bank, N.A.*, 2009 PA Super 241, 986 A.2d 171, 176 (2009). Appellant avers that she discovered the default on June 20, 2014, following sheriff's sale, and that this Court therefore had no jurisdiction and need not consider the timeliness of the filing.

However, as noted above, based upon the record and affidavits of service provided, this court found that Appellant did indeed have notice of the default. In the instant case, default judgment was entered April 17, 2014. Appellant filed his petition to open on January 9, 2016. The petition to open

10

was filed six hundred and thirty-two (632) days after the entry of default. Thus, his petition to strike was not timely filed.

### b. *Reasonable Excuse*

Appellant did not provide a reason as to the lateness of his filing. Additionally, pursuant to the Motion for Alternative Service filed by Appellee, Appellant was properly served per Pa.R.C.P. 430. Appellant did not provide a reasonable excuse, and thus fails on two prongs of the test needed to open judgment.

### c. *Meritorious Defense*

While Appellant did not specifically plead that he had pled a meritorious defense, he has raised a number of affirmative defenses and alleged "new matters" in his Petition to Open, including numerous allegations of fraud and other arguments, many of them self-contradicting, that Appellee did not provide him with a mortgage and that he owes Appellee no money, that Appellee was not the holder of the note and had no standing. The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. *Smith v. Morrell Beer Distributors, Inc.*, 2011 PA Super 183, 29 A.3d 23, 26 (2011). A defendant must set forth such a defense in "precise, specific, and clear terms." *Id.* However, as noted above, Appellee does indeed hold the note and has provided the note to the court, and his defenses, most of which have been repeated ad nauseum in other filings denied by this court, are not meritorious.

Thus, Appellant is not entitled to an opening of the default judgment as he has not met the requirements of the tripartite test.

## IV. PETITION TO SET ASIDE SHERIFF'S SALE

Finally, Appellant avers that this Court improperly denied Appellant's petition to set aside sheriff's sale, because the judgment should have been stricken and/or opened. Appellant did not plead with specificity why the sale should be set aside, besides his general averments of fraud

11

Pursuant to Pa.R.C.P. 3132, "upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Pa.R.C.P. No. 3132; *see also Nationstar Mortgage, LLC v. Lark*, 2013 PA Super 233, 73 A.3d 1265, 1267 (2013). The burden of "proving circumstances warranting the exercise of the court's equitable powers is on the petition." *Id.* On appeal, the court's decision will not be reversed absent an abuse of discretion. *Id.*

"[A] petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed." *Mortgage Elec. Registration Sys., Inc. v. Ralich*, 2009 PA Super 163, ¶ 14, 982 A.2d 77, 79 (2009). Further, a combined reading of Pa.R.C.P. 3132 and Pa.R.C.P. 3135(a) make clear "a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered." *Id.* The sole exception to this time bar is that the sale may be set aside based upon fraud or lack of authority to make the sale. *Ralich*, 982 A.2d at 80. As discussed above, the judgment should not have been stricken and/or opened. The deed was recorded November 19, 2014; the motion to set aside was not filed until January 9, 2016, well beyond the time limit provided by the rules of civil procedure. However, Appellant's allegations of fraud were conclusory and unfounded, and consequently, this court properly denied his Motion to Set Aside the Sale.

## CONCLUSION

For all of the reasons stated above, this court's decision should be affirmed and the appeal quashed.

BY THE COURT:

DATE: August 5, 2016

_____
NINA WRIGHT PADILLA, J.

12