2015 PA Super 40

| | |
|---|---|
| THE ESTATE OF PATRICIA AMELIE LOGAN GENTRY, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DIAMOND ROCK HILL REALTY, LLC | |
| Appellee | No. 2020 EDA 2014 |

Appeal from the Order Entered on June 19, 2014
In the Court of Common Pleas of Bucks County
Orphans' Court at No.: O.C. No. 2013-E0427

BEFORE: LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

OPINION BY WECHT, J.:                    **FILED FEBRUARY 20, 2015**

John Devlin ("Devlin"), executor of the Estate of Patricia Amelie Logan Gentry, appeals a June 19, 2014 order entered by the orphans' court. In that order, the learned orphans' court sustained the preliminary objections of Diamond Rock Hill Realty, LLC ("Diamond"), to Devlin's petition for citation to show cause why Diamond should not return real property to the Estate or why a judgment should not be entered against Diamond. We reverse.

Patricia Amelie Logan Gentry ("Decedent"), a resident of Robeson County, North Carolina, died testate on July 17, 2011. At the time of her death, Decedent owned real property located at 523 Parkway Drive in Bucks

---

[*]    Retired Senior Judge assigned to the Superior Court.

County, Pennsylvania ("the Property"). Pursuant to Decedent's Will, which she executed on May 14, 2011, Decedent nominated Devlin as executor of her Estate and directed Devlin "in his unbridled discretion" to "cause [the Property] to be sold by private or public sale." Orphans' Court Opinion ("O.C.O."), 8/11/2014, at 1-2. Under the terms of the Will, Decedent's granddaughter, Cynthia Gentry, was to receive $20,000.00 from the Property's net sale proceeds.

On August 17, 2011, the Decedent allegedly executed a deed conveying the Property to Diamond. The deed was prepared by Alpert Abstract, LLC ("Alpert"), a title insurance company. On the final page of the instrument, a Robeson County, North Carolina notary public certified that Decedent personally appeared before her and executed the deed on August 17, 2011. And yet, the Decedent unquestionably could not have conveyed the Property to Diamond on August 17, 2011. How do we know this? Decedent had died thirty-one days earlier.

On October 19, 2011, a North Carolina court probated Decedent's Will and appointed Devlin as executor of the Estate. On July 17, 2013, Devlin filed a petition for citation in the orphans' court division of the Court of Common Pleas of Bucks County.[1] Therein, Devlin requested that a citation

_____

[1] Section 4101 of the Probate, Estates, and Fiduciaries code provides generally that a foreign fiduciary may institute and maintain proceedings within the Commonwealth. 20 Pa.C.S. § 4101.

be issued compelling Diamond and Alpert to show cause why they should not return the Property to Decedent's Estate, or, in the alternative, why judgment should not be entered against them for $85,000.00. Specifically, Devlin averred that the August 17, 2011 conveyance was "patently void on its face and fraudulent," and sought to have title to the property (or monetary damages) returned to the Estate. Devlin's Petition for Citation, 7/17/2013, at 2. The petition further alleged that neither the Estate, nor Devlin on its behalf, received any proceeds from the sale of the Property, and that Devlin made no distribution arising from the sale of the Property, as was required under the terms of Decedent's Will.

On September 24, 2013, the orphans' court directed Diamond and Alpert to respond to the petition's averments by October 21, 2013. On October 21, 2013, both Alpert and Diamond filed preliminary objections to Devlin's petition. On January 23, 2014, the orphans' court sustained Alpert's preliminary objections upon the basis that the orphans' court lacked subject matter jurisdiction over Devlin's claims, and dismissed the petition as to Alpert. On June 19, 2014, following a hearing on Diamond's preliminary objections, the orphans' court similarly dismissed Devlin's petition as to Diamond for want of subject matter jurisdiction.

On July 17, 2014, Devlin timely filed a notice of appeal. The orphans' court ordered Devlin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 21, 2014, Devlin timely

complied. On August 11, 2014, the orphans' court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Devlin presents five issues for our review:

1. Whether the [orphans' court] erred in dismissing [Devlin's] action against [Diamond] for lack of subject matter jurisdiction pursuant to 20 P.S. [§§ 711 and 712]?

2. Whether the [orphans' court] erred in determin[ing] that subject matter jurisdiction under 20 P.S. [§] 711(1) is limited to persons entitled to real estate of a decedent[?] The [c]ourt's jurisdiction in 20 P.S. [§] 711 covers the administration and distribution of real and personal property of decedents' estates[.]

3. Whether the [orphans' court] erred in not taking mandatory jurisdiction of this Estate pursuant to 20 P.S. [§] 711 or taking [nonmandatory] jurisdiction pursuant to 20 P.S. [§] 712?

4. Whether the [orphans' court] erred in not retaining jurisdiction and permitting discovery to determine if there were any necessary or indispensable parties that would need to be joined to [Devlin's] action?

5. Whether the [orphans' court] erred in not retaining jurisdiction and permitting discovery to determine the facts and circumstances of who was responsible for executing the deed one month after the death of the owner conveying the property to [Diamond]?

Brief for Devlin at 4 (numbering modified).

We address Devlin's first three issues collectively, as each of them challenges the orphans' court's determination that it lacked the requisite

subject matter jurisdiction over Devlin's claims against Diamond.[2]  Devlin principally argues that the orphans' court had mandatory and exclusive jurisdiction over the administration and distribution of the real property of the Decedent's Estate.  *Id.* at 8.  We agree.

Our analysis begins with a recitation of the applicable legal standards:

Our standard of review of an order of the trial court overruling [or granting] preliminary objections is to determine whether the trial court committed an error of law.  When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

*De Lage Landen Fin. Servs., Inc. v. Urban P'ship, LLC*, 903 A.2d 586, 589 (Pa. Super. 2006).  "On an appeal from an [o]rder sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts."  *Filipovich v. J.T. Imports, Inc.*, 637 A.2d 314, 316 (Pa. Super. 1994).  "Where, as here, upholding sustained preliminary objections would result in the dismissal of an action, we may do so only in cases that are clear and free from doubt."  *Ellenbogen v. PNC*

---

[2]  Because Devlin appeals only the trial court's order sustaining Diamond's preliminary objections and dismissing Devlin's petition for want of subject matter jurisdiction, the instant appeal has no impact upon the orphans' court's earlier order sustaining Alpert's preliminary objections on identical grounds.  Devlin has declined to challenge that order despite the fact that it, too, was appealable.

***Bank, N.A.***, 731 A.2d 175, 181 (Pa. Super. 1999). "Any doubt should be resolved by a refusal to sustain the objections." ***Id.***

"[I]t is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." ***B.J.D. v. D.L.C.***, 19 A.3d 1081, 1082 (Pa. Super. 2011) (quoting ***Grom v. Burgoon***, 672 A.2d 823, 824-25 (Pa. Super. 1996)). Our standard of review is *de novo*, and our scope of review is plenary. ***Id.*** "Generally, subject matter jurisdiction has been defined as the court's power to hear cases of the class to which the case at issue belongs." ***Verholek v. Verholek***, 741 A.2d 792, 798 (Pa. Super. 1999).

> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject matter in a given case . . . . Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect. The trial court has jurisdiction if it is competent to hear or determine controversies of the general nature of the matter involved *sub judice*. Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case.

***Aronson v. Sprint Spectrum, L.P.***, 767 A.2d 564, 568 (Pa. Super. 2001) (quoting ***Bernhard v. Bernhard***, 668 A.2d 546, 548 (Pa. Super. 1995)).

Jurisdiction over decedents' estates and their fiduciaries is vested, by statute, solely in the orphans' court division of the various courts of common pleas. 20 Pa.C.S. § 711. Instantly, the orphans' court held that it lacked mandatory subject matter jurisdiction over Devlin's claims pursuant to Section 711 of the Probate, Estates, and Fiduciaries Code ("PEF Code"). The

court similarly held that it lacked permissive jurisdiction over Devlin's claims pursuant to Section 712 of the PEF Code.

Our analysis begins and ends with Section 711, which provides, in relevant part, as follows:

> Except as provided in section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:
>
>> **(1) Decedents' estates.** The administration and distribution of the real and personal property of decedents' estates . . . .

*Id.*

Commentary to the PEF Code provides that a personal representative[3] has "the duty as well as the right to control real estate until it is sold or distributed by decree or until control is relinquished to the heir or devisee because it is not needed for administration." 20 Pa.C.S. § 3311, cmt.

> A personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent . . . . He shall collect the rents and income from each asset in his possession until it is sold or distributed, and, during the administration of the estate, shall have **the right to maintain any action with respect to it** and shall make all reasonable expenditures necessary to preserve it.

20 Pa.C.S. § 3311(a) (emphasis added).

---

[3] The term "personal representative," as used in the PEF Code, refers to "an executor or administrator of any description." 20 Pa.C.S. § 102.

As explained *supra*, Subsection 711(1) grants the orphans' court mandatory and exclusive jurisdiction over "[t]he administration and distribution of the real and personal property of decedents' estates."  20 Pa.C.S. § 711(1).  The orphans' court "must also adjudicate disputes concerning the title and rightful possession of a decedent's property."  **In re Estate of Sauers**, 32 A.3d 1241, 1249 (Pa. 2011).  Moreover, Section 711 indicates a clear legislative intent to "obviate, whenever possible, a preliminary dispute as to whether the orphans' court has jurisdiction to determine the title to the disputed property."  20 Pa.C.S. § 711, cmt.

Here, in his petition for citation, Devlin alleged that Diamond obtained title to the Property, which belonged to the Estate, by way of a facially fraudulent conveyance that was, therefore, void.  **See** Devlin's Petition for Citation, 7/17/2013, at 1-2.  Devlin further averred that the proceeds from the sale of the Property had not been distributed to Cynthia Gentry, as was required under the terms of Decedent's Will.  These facts speak directly to "[t]he administration and distribution of the real . . . property of [Decedent's] estate[.]"  20 Pa.C.S. § 711(1).

It is undisputed that Decedent held title to the Property at the time of her death.  Pursuant to Decedent's Will, title to the Property then passed to the Estate.  As the personal representative of Decedent's Estate, Devlin then was charged with maintaining, preserving, and administering the Property.  20 Pa.C.S. § 3311(a); **see also** 20 Pa.C.S. § 301 ("Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject,

however, to all the powers granted to the personal representative by this code and lawfully by the will and to all orders of the court."). Stated simply, Devlin was charged with taking possession of, maintaining, and administering the Estate assets, and the orphans' court was vested with the authority to ensure the proper administration and distribution of those assets. 20 Pa.C.S. §§ 3311(a), 711(1). As such, Devlin's claim against Diamond falls within the orphans' court division's exclusive jurisdiction.[4]

In holding otherwise, the orphans' court reasoned that "if [Devlin] had requested that a citation be awarded and directed to those individuals or entities that allegedly sold the property after Decedent's death . . . [the court] would have been able to assume [subject matter] jurisdiction." O.C.O. at 5. The orphans' court also held that subject matter jurisdiction was lacking because Devlin "did not plead that [Diamond] was the current owner of the Property," and because Devlin failed "specifically [to] deny [Diamond's] averment that [it] did not presently own title to the Property."

_____

[4] Our holding is unhindered by Section 712 of the PEF Code, which provides for non-mandatory orphans' court jurisdiction over "[t]he determination of the persons to whom the title to real estate of a decedent . . . has passed by devise or descent . . . where jurisdiction of such estate . . . is exercised through the orphans' court division." 20 Pa.C.S. § 712(1). Nothing in Section 712 "restrict[s] the provisions of section 711 (relating to mandatory exercise of jurisdiction through orphans' court division in general) relating to distribution of real estate in an estate or trust." *Id.* Furthermore, the instant dispute does not concern the passing of title of the property under Decedent's Will. It is clear that Decedent's Will authorized Devlin to sell the property, and devised $20,000.00 from the net proceeds of that sale to Decedent's granddaughter. O.C.O. at 2.

*Id.* In this regard, the court's analysis hinged primarily upon the sufficiency of Devlin's pleading rather than the orphans' court's jurisdiction over it. ***See e.g.***, *id.* at 6 ("[Devlin] made no specific averment in the [p]etition that [Diamond] perpetrated a fraud or was a bad faith purchaser."). This reasoning obscures the relevant inquiry. Subject matter jurisdiction arises from a court's "power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case." ***Aronson***, 767 A.2d at 568.

Our review of the record demonstrates that the orphans' court dismissed as moot Diamond's preliminary objection in the nature of a demurrer. Order, 6/19/2014, at 1. Assuming, *arguendo*, that the defects of Devlin's petition noted by the orphans' court provided a sufficient alternative basis for sustaining Diamond's preliminary objections, the court nevertheless would err if it dismissed Devlin's petition without granting leave to amend.

Rule 1033 of the Pennsylvania Rules of Civil Procedure provides as follows:

> A party either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. 1033.

With respect to the right to amend a pleading, we have held:

- 10 -

> Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. . . . [However, t]he right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended [pleading.]

*In re Estate of Luongo*, 823 A.2d 942, 969 (Pa. Super. 2003).

In its opinion, the orphans' court described a litany of pleading deficiencies within Devlin's petition. *See e.g.*, O.C.O. at 6 ("[Devlin] made no specific averment in the [p]etition that [Diamond] perpetrated a fraud or was a bad faith purchaser."). While these defects potentially call into question the legal sufficiency of Devlin's claims, the orphans' court dismissed Diamond's preliminary objection in the nature of a demurrer as moot in light of its erroneous conclusion that the court lacked the requisite subject matter jurisdiction. Had the orphans' court sustained Diamond's demurrer, instead of dismissing Devlin's petition for want of subject matter jurisdiction, Devlin would have been afforded an opportunity to amend his petition pursuant to Pa.R.C.P. 1033. Thus, we cannot affirm the orphans' court's dismissal of Devlin's petition under the auspices of sustaining Diamond's preliminary objection in the nature of a demurrer.

For the foregoing reasons, the orphans' court erred in sustaining Diamond's preliminary objections upon the basis that it lacked subject

matter jurisdiction over Devlin's petition for citation.[5]   Accordingly, we vacate the orphans' court's June 19, 2014 order sustaining Diamond's preliminary objections and dismissing Devlin's petition, and we remand for further proceedings consistent with this opinion.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015

---

[5]   In his remaining issues, Devlin asserts generally that the orphans' court erred in failing to allow the parties to take evidence by depositions pursuant to Pennsylvania Rule of Civil Procedure 1028(c)(2).  Pa.R.C.P. 1028(c)(2) (stating that "the court shall consider evidence by depositions or otherwise" before ruling on a preliminary objection that raises an issue of fact).  Although Devlin argues that the orphans' court "should have permitted the parties to take evidence by depositions or otherwise to determine the facts and circumstances surrounding the diversion of the real estate of the decedent," he does not allege that such factual questions were raised by Diamond's preliminary objections.  Brief for Devlin at 10.  Instead, Devlin raises only broad factual questions surrounding the underlying transaction, which are entirely outside of the scope of Diamond's preliminary objections.  *See id.* at 9-10 ("[W]ho signed the deed masquerading as [Decedent?]," "[W]hat happened to the $85,000[?]," and "[W]ho negotiated the check[?]").  In any event, the orphans' court's jurisdictional ruling effectively mooted these issues unless and until they arise in due course upon remand.