J. A10032/17 & J. A10034/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD MICKMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ELAINE MICKMAN, | : | No. 1426 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Decree, March 31, 2016,
in the Court of Common Pleas of Montgomery County
Civil Division at No. 03-06252

| | | |
|---|---|---|
| RICHARD MICKMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ELAINE MICKMAN, | : | No. 2097 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order, June 9, 2016,
in the Court of Common Pleas of Montgomery County
Civil Division at No. 2003-06252

BEFORE:  DUBOW, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED JULY 20, 2017**

Elaine Mickman appeals from the decree of March 31, 2016, and from the order entered June 9, 2016, in these consolidated appeals.  After careful review, we affirm.

At No. 1426 EDA 2016, the trial court has aptly summarized the tortured history of this case as follows:

> On June 21, 2011 the Honorable Arthur R. Tilson entered a divorce decree and equitable distribution order in this matter. On June 29, 2011, Judge Tilson entered an amended divorce decree and equitable distribution order. On July 1, 2011, Defendant/Appellant/Elaine Mickman (hereinafter "Defendant") filed a Notice of Appeal to the Superior Court of Pennsylvania of the June 29, 2011 amended decree and order. On October 18, 2012, the June 29, 2011 amended divorce decree and equitable distribution order was affirmed by the Superior Court of Pennsylvania.[1]
>
> On June 25, 2014, Defendant filed a pro se Emergency Motion to Re-Open Divorce Decree to Vacate/Strike/Modify Divorce Decree Order Based on 23 Pa.C.S.A. [§] 3332 Procured Under Fraud. On July 7 and July 11, 2014, counsel for Defendant, Shannon K. McDonald, Esquire filed Amended Petitions to Open/Vacate Divorce Decree Pursuant to 23 Pa.C.S.A. [§] 3332 (Procedure [sic] Under Fraud). On November 17, 2014, the court heard argument on Defendant's July 7 and 11, 2014 amended petitions which alleged substantially the same facts as Defendant's pro se June 25, 2014 emergency motion and also refer to "Payment Direct, Inc." and "Beacon Financial Inc." On January 12, 2015, the court denied Defendant's petitions of July 7 and 11, 2014. No appeal was taken of the court's January 12, 2015 order.
>
> On July 10, 2015 Defendant filed pro se a New Petition to Open/Vacate Divorce Decree Pursuant to 23 Pa.C.S.A. [§] 3332 for Extrinsic Fraud. On October 8, 2015 the court held a hearing on Defendant's petition. Following hearing on October 8, 2015, the court denied Defendant's

---

[1] **Mickman v. Mickman**, 62 A.3d 45 (Pa.Super. 2012) (unpublished memorandum), **dismissed**, 91 A.3d 1236 (Pa. 2014).

July 10, 2015 petition. On October 13, 2015, Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania of the October 8, 2015 order and a Petition and Affidavit for Leave to Proceed In Forma Pauperis. The in forma pauperis petition was denied by the court on October 19, 2015, and Defendant did not thereafter pay the required filing fees for the October 13, 2015 Notice of Appeal. Therefore, Defendant did not perfect her appeal to the Superior Court of Pennsylvania.

On October 30, 2015, Defendant filed pro se an Amended New Petition to Open/Vacate Divorce Decree Pursuant to 23 Pa.C.S.A. [§] 3332 for Extrinsic Fraud.

On November 4, 2015, Appellee/Plaintiff/ Richard Mickman (hereinafter "Plaintiff") filed Preliminary Objections to Defendant's October 30, 2015 amended new petition.

On March 24, 2016, the court heard argument on Defendant's amended new petition and Plaintiff's preliminary objections. Plaintiff was represented by Jack A. Rounick, Esquire, and Defendant represented herself pro se. At the March 24, 2016 argument, Mr. Rounick stated that each of Defendant's petitions to open or vacate the divorce decree in this matter has "alleged the same facts, all of which were previously presented to the court prior to the court dismissing each of the petitions." N.T. March 24, 2016 at 3. Mr. Rounick cited the legal doctrine of res judicata, stating "... in this case, there's been a final determination from the date of the divorce to the petitions filed thereafter, and there's no basis under the law for granting the petition filed by [Defendant][.]" N.T. at 3.

Trial court opinion, 7/7/16 at 1-3 (emphasis in original; footnote omitted).

Defendant argued that the divorce decree was procured by extrinsic fraud, and that "there's absolutely no res judicata here ... because this is [sic] new and additional documents." N.T. at 7-8.

- 3 -

> Defendant also stated that "none of my petitions to open and vacate the divorce for extrinsic fraud were identical["] ... and that she was "never afforded a full and fair hearing to present evidence." N.T. at 8.
>
> On March 31, 2016, the court issued an order sustaining Plaintiff's preliminary objections and dismissing Defendant's October 30, 2015 amended new petition. On April 27, 2016, Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania. On May 11, 2016, the trial court ordered the Defendant to file her Concise Statement of Errors Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)] within twenty one days of the date of the order. On June 1, 2016 Defendant filed a Concise Statement of Errors Complained of on Appeal[.]

Trial court opinion, 7/7/16 at 4 (emphasis in original).

Appellant has raised the following issues for this court's review:

1.  The Court erred in dismissing Appellant's "timely" filed Petition to Open her Divorce for Extrinsic Fraud without a Due Process hearing to present "Newly" discovered evidence, testimony, witnesses, and genuine material facts and issues collateral to the divorce trial which identify Appellee's divorce "planning" to keep Appellant and the court ignorant and prevent a fair hearing.

2.  The Court erred in dismissing Appellant's Petition to Open her Divorce for Extrinsic Fraud by relying on Appellee's Preliminary Objection's [sic] misrepresentations and unsupported allegation of Res judicata, regardless that Appellant filed a Reconsideration with an attached Exhibit as material evidence that directly contradicted and refuted Appellee's Preliminary Objections.

3. The Court erred and abused its discretion by sanctioning Appellant when there was no frivolous, vexacious [sic], or dilatory conduct.

Appellant's brief at 6.

> When reviewing an order sustaining preliminary objections, our standard of review is **de novo** and our scope of review is plenary. **Huss v. Weaver**, 134 A.3d 449, 453 (Pa.Super. 2016) (**en banc**) (citation omitted). "On an appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the [plaintiff's] complaint and all reasonable inferences which may be drawn from those facts." **Estate of Gentry v. Diamond Rock Hill Realty, LLC**, 111 A.3d 194, 198 (Pa.Super. 2015) (internal alteration and citation omitted). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." **Feingold v. Hendrzak**, 15 A.3d 937, 941 (Pa.Super. 2011) (citation omitted).

**Grimm v. Grimm**, 149 A.3d 77, 87 (Pa.Super. 2016), **appeal denied**, 2017

WL 1159583 (Pa. 2017).

> The High Court has recognized that "res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." **Allen v. McCurry**, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). These two doctrines "preclud[e] parties from contesting matters that they have had a full and fair opportunity to litigate." **Taylor v. Sturgell**, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (internal quotation marks and citations omitted). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues

that were or could have been raised in that action . . . ." *Allen*, 449 U.S. at 94, 101 S.Ct. 411.

*In re Stevenson*, 40 A.3d 1212, 1222 (Pa. 2012).

In addition, Section 3333 of the Divorce Code provides:

### § 3333.  Res judicata and estoppel

The validity of a divorce or annulment decree granted by a court having jurisdiction over the subject matter may not be questioned by a party who was subject to the personal jurisdiction of the court except by direct appeal provided or prescribed by law.  A party who sought and obtained a decree, financed or agreed to its procurement, or accepted a property settlement, alimony pendente lite or alimony pursuant to the terms of the decree, or who remarries after the decree, or is guilty of laches, is barred from making a collateral attack upon the validity of the decree unless, by clear and convincing evidence, it is established that fraud by the other party prevented the making of a timely appeal from the divorce or annulment decree.

23 Pa.C.S.A. § 3333.

As the trial court astutely observed,

As detailed above, Defendant has had the opportunity to pursue her allegations of extrinsic fraud as raised in previous petitions, both pro se and counseled.  The court has denied Defendant's claims as to any alleged extrinsic fraud on two prior occasions before the court ruled on the Defendant's most recent petition.  On both those previous occasions, Defendant was afforded the opportunity for a hearing or argument on her petitions, once with counsel, and once pro se.

Defendant is collaterally estopped from continually re-litigating the same issues, her claims of extrinsic fraud and her right to a "due process hearing," simply because she adds a new exhibit to a

previously filed petition. In her October 30, 2015 amended new petition, Defendant raises the same claims as previously raised in the earlier petitions, even attaching the same exhibits from prior petitions. Defendant's argument at the March 24, 2016 listing simply reiterated what Defendant, or her counsel, has stated at prior listings. Furthermore, Defendant continually alleges she has uncovered "new documentation" which would permit her to open or vacate the divorce decree, however, Defendant's "new documentation" is either repetitive of prior information, or is not persuasive or relevant to her claims that Plaintiff has "unclean hands" and "intentionally Placed Fraud Upon the Court, and intentionally concealed business ownership and income to the Court and to Petitioner." Nor did Defendant elaborate on her "new documentation" at the March 24, 2016 listing to a degree which would lead the court to find that the "new documentation" was either relevant or persuasive to her allegations of fraud.

Defendant previously litigated the issue of her allegations of extrinsic fraud committed by Plaintiff in relation to opening or vacating the divorce decree on two prior occasions before this court. This court dismissed Defendant's allegations of extrinsic fraud on those two prior occasions. Furthermore, Defendant either did not file and/or perfect an appeal of the court's previous decisions. Therefore, those decisions are finally determined.

Trial court opinion, 7/7/16 at 8-9 (emphasis in original; punctuation corrected). We agree and determine that the trial court did not err in dismissing appellant's claims on the basis of claim preclusion and *res judicata*. Appellant's claims that appellee engaged in a scheme to hide assets during the parties' 2011 divorce trial, including deliberate concealment of his business interests using third parties, have been

previously litigated. Appellant is collaterally estopped from repeatedly re-litigating the same issues.

Furthermore, although appellant couches her claims in terms of extrinsic fraud, she is really alleging intrinsic fraud. The Divorce Code, Section 3332 provides:

> **§ 3332. Opening or vacating decrees**
>
> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3332.

> In accordance with § [3332], the only basis for vacating a decree within 30 days is intrinsic fraud. Beyond the 30 day limitation period a party must show extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent from the record. In ***McEvoy v. Quaker City Cab***, 267 Pa. 527, 110 A. 366 (1920), our Supreme Court first distinguished intrinsic fraud from extrinsic fraud.
>
> > By the expression 'extrinsic or collateral fraud' is meant some act or conduct of

the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise or compromise, or fraudulently keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud in such case is extrinsic or collateral to the question determined by the court. The reason for the rule is that there must be an end to litigation; and, where a party has had his day in court and knows what the issues are, he must be prepared to meet and expose perjury then and there: ***Pico v. Cohn***, 91 Cal. 129 [25 P. 970 (1891)]. Where the alleged perjury relates to a question upon which there was a conflict, and it was necessary for the court to determine the truth or falsity of the testimony, the fraud is intrinsic and is concluded by the judgment, unless there be a showing that the jurisdiction of the court has been imposed up, or that by some fraudulent act of the prevailing party the other has been deprived of an opportunity for a fair trial. ***Bleakley v. Barclay***, 75 Kansas 462 [89 P. 906 (1907)].

***Fenstermaker v. Fenstermaker***, 348 Pa.Super. 237, 243, 502 A.2d 185, 188 (1985) quoting ***McEvoy v. Quaker City Cab Co.***, 267 Pa. 527, 536, 110 A. 366, 368 (1920).

***Justice v. Justice***, 612 A.2d 1354, 1358-1359 (Pa.Super. 1992), ***appeal denied***, 621 A.2d 581 (Pa. 1993). "Thus, the Divorce Code makes clear

that beyond 30 days, a decree cannot be vacated absent fraud which is collateral to the proceedings." *Id.* at 1359.

Here, the issue of appellee's alleged fraudulent misrepresentations concerning his assets and business interests has been thoroughly litigated and appellant has had her day in court. The trial court stated,

> Defendant was represented by counsel at the 2010 divorce and equitable distribution hearings, and also utilized the services and testimony of Mr. Dennis Bieler as an expert financial witness with respect to valuation issues, accounting issues and income. Defendant has not articulated or proved to the court any reason or explanation as to why her alleged "newly discovered evidence" was not available to either her, her expert witness, or her attorney at the time of the 2010 equitable distribution hearings.

Trial court opinion, 7/7/16 at 2-3 n.1. In the November 16, 2011 trial court opinion, the trial court noted, "This Court entertained significant expert testimony regarding [appellee]'s assets, business interests and income during the protracted hearing." (Trial court opinion, 11/16/11 at 7 n.5.) At some point, litigation must come to an end. Simply stated, appellant's allegations of fraud relating to entry of the 2011 divorce decree and equitable distribution order are not extrinsic or collateral to the question already determined by the court. *See Justice v. Justice*, 612 A.2d at 1360, citing *Ratarsky v. Ratarsky*, 557 A.2d 23 (Pa.Super. 1989) ("In *Ratarsky*, appellee contended that appellant committed extrinsic fraud by concealing the value of a marital asset. This court held that even assuming appellant concealed the value, his action did not amount to extrinsic fraud.

The court found that the property settlement was entered into after extensive negotiations, and that trial counsel had an opportunity to assess the value of the assets and simply failed to do so."). *See also Major v. Major*, 518 A.2d 1267, 1273 (Pa.Super. 1986), *affirmed*, 540 A.2d 529 (Pa. 1988) ("Although the record clearly demonstrates that appellant did not disclose to the lower court his military pension asset, we cannot say this failure to disclose amounted to extrinsic fraud."), citing *Fenstermaker*, *supra*.

Finally, we address the trial court's award of counsel fees.[2] Section 2503(7) of the Judicial Code provides that a participant in a legal proceeding may be awarded counsel fees "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S.A. § 2503(7).

> Our ability to review the grant of attorney's fees is limited, and we will reverse only upon a showing of plain error." *Diament v. Diament*, 816 A.2d 256, 270 (Pa.Super. 2003) (citation omitted). "Plain error is found where the decision is based on factual findings with no support in the evidentiary [sic] or legal factors other than those that are relevant to such an award." *Id.*

*Sirio v. Sirio*, 951 A.2d 1188, 1198-1199 (Pa.Super. 2008).

> The trial court has great latitude and discretion with respect to an award of attorneys' fees pursuant to a statute. *Cummins v. Atlas R.R. Construction Co.*, 814 A.2d 742, 746 (Pa.Super. 2002). In reviewing a

---

[2] The trial court's March 31, 2016 order sustaining appellee's preliminary objections also awarded $5,482.50 in counsel fees.

> trial court's award of attorneys' fees, our standard is abuse of discretion. **Lucchino v. Commonwealth**, 570 Pa. 277, 284, 286, 809 A.2d 264, 269-70 (2002); **Miller v. Nelson**, 768 A.2d 858, 861 (Pa.Super. 2001). If there is support in the record for the trial court's findings of fact that the conduct of the party was obdurate, vexatious or in bad faith, we will not disturb the trial court's decision.

**In re Padezanin**, 937 A.2d 475, 483-484 (Pa.Super. 2007), quoting **Scalia v. Erie Ins. Exchange**, 878 A.2d 114, 116 (Pa.Super. 2005) (citation omitted).

> The relentless pursuit of a claim which plainly lacks legal merit warrants an award of counsel fees. **See**, **e.g.**, **In re Estate of Liscio**, 432 Pa.Super. 440, 638 A.2d 1019 (1994), **appeal denied**, 539 Pa. 679, 652 A.2d 1324 (1994) (pursuing claim with no reasonable possibility of success and prolonging litigation justifies award of counsel fees under 42 Pa.C.S. § 2503). A suit is vexatious if brought without legal or factual grounds and if the action served the sole purpose of causing annoyance. [**Thunberg v. Strause**, 682 A.2d 295, 299 (Pa. 1996)].

**Miller v. Nelson**, 768 A.2d 858, 862 (Pa.Super. 2001), **appeal denied**, 782 A.2d 547 (Pa. 2001).

The record in this case plainly discloses no abuse of discretion in the trial court's award of attorneys' fees. Appellant has continued to file repetitive and duplicative petitions based on the same allegations of extrinsic fraud. Appellant's prior petitions based on the same alleged facts had been litigated and finally determined by the court. As the trial court noted, appellant's October 30, 2015 amended petition to open/vacate the divorce

decree for extrinsic fraud was the third such filing appellant has made on the same issue. (Trial court opinion, 7/7/16 at 11.) The trial court ruled on appellant's allegations of extrinsic fraud on two prior occasions, and appellant failed to file or perfect an appeal of those decisions. (*Id.* at 12.)[3] In fact, appellant's continuing pattern of obstreperous behavior and bad faith conduct during the course of this litigation was detailed in the trial court's November 16, 2011 opinion. (Trial court opinion, 11/16/11 at 12.) The trial court did not abuse its discretion in awarding appellee counsel fees due to appellant's repetitive and vexatious conduct.

We now turn to the consolidated appeal at No. 2097 EDA 2016. This is an appeal from the order of June 9, 2016, holding appellant in contempt for failure to comply with the trial court's order awarding counsel fees. The trial court has summarized the relevant procedural history as follows:

> On July 13, 2015, Plaintiff/Appellee (hereinafter "Plaintiff") filed a Counter-Petition for Counsel Fees in this matter. On October 8, 2015, the court held a hearing on Plaintiff's counter-petition. On October 14, 2015, the court issued an order granting Plaintiff's counter-petition, and directing Plaintiff to provide the court, and Defendant/Appellant (hereinafter "Defendant"), with a detailed invoice of Plaintiff's counsel fees incurred

---

[3] As recounted above, on January 12, 2015, the trial court denied appellant's July 7 and July 11, 2014 amended petitions. Appellant did not file an appeal from that order. On July 10, 2015, appellant filed another *pro se* petition to open/vacate the divorce decree, which was denied on October 8, 2015. Appellant filed a timely notice of appeal from the October 8, 2015 order, but was denied IFP status and failed to pay the requisite filing fees to perfect the appeal. Instead, appellant filed another *pro se* petition to open/vacate the divorce decree on October 30, 2015.

for the preparation and litigation of Plaintiff's defense to Defendant's July 10, 2015 petition to open/vacate the parties' divorce decree. On October 27, 2015, after receipt of Plaintiff's invoice, the court issued an order requiring Defendant to reimburse Plaintiff $4,812.50 in counsel fees. Neither party perfected an appeal of either the October 14, 2015 order or the October 27, 2015 order.

On December 3, 2015, Plaintiff filed a Petition for Contempt. In the petition, Plaintiff alleged that Defendant had failed to reimburse Plaintiff's counsel for counsel fees pursuant to the October 27, 2015 order.[Footnote 1] On June 1, 2016, the court held a hearing on Plaintiff's petition for contempt and Defendant's answer and counterclaim. At the hearing, Plaintiff was represented by Jack A. Rounick, Esquire, and Defendant represented herself pro se.

[Footnote 1] On March 7, 2016, Defendant filed an Answer to Contempt and New Matter Counter Claim for Contempt.

Trial court opinion, 11/4/16 at 1-2 (emphasis in original).

On June 9, 2016, appellee's petition was granted and appellant was found in contempt of the October 27, 2015 order. (*Id.* at 3.) Appellant was ordered to comply with the terms of the October 27, 2015 order by reimbursing appellee's counsel fees in the amount of $4,812.50 to Attorney Rounick within 10 days. (*Id.*) Appellant was further ordered to pay a fine of $500 to the Montgomery County Prothonotary within 30 days. (*Id.*) Appellant's counter-claim for contempt was denied. (*Id.*)

On July 6, 2016, appellant filed a timely notice of appeal from the June 9, 2016 order. Appellant complied with Pa.R.A.P. 1925(b), and the trial court filed a Rule 1925(a) opinion.

Appellant has raised the following issues for this court's review:

1. The court erred and abused its discretion in holding Appellant in willful contempt regardless of her financial inability to pay attorney fees erroneously awarded against her as an indigent party, and without frivolous, vexacious [sic], dilatory, or obdurate conduct, and it is noted that the attorney fee order was derived from a hearing that was conducted in Appellant's medical absence by the court violating Appellant's Civil Rights by denying her a Public Accommodation for the hearing pursuant to Title II of the Americans with Disabilities Act.

2. The court erred and demonstrated a fixed-bias against Appellant by denying her counter-contempt against Appellee's Willful contempt, without Appellee appearing in court to be cross-examined or to present evidence or testimonial defense, thereby denying Appellant enforcement of the affirmed divorce order terms.

Appellant's brief at 5, quoting Rule 1925(b) statement, 10/12/16 at 1.

> When considering an appeal from an Order holding a party in contempt for failure to comply with a court Order, our scope of review is narrow: we will reverse only upon a showing the court abused its discretion. *Hyle v. Hyle*, 868 A.2d 601 (Pa.Super. 2005), *appeal denied*, 586 Pa. 727, 890 A.2d 1059 (2005). The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. *Id.* To be in contempt, a party must have violated a court Order, and the

> complaining party must satisfy that burden by a preponderance of the evidence. ***Id.***

***Hopkins v. Byes***, 954 A.2d 654, 655-656 (Pa.Super. 2008).

In her first issue on appeal, appellant claims that the trial court abused its discretion in awarding attorneys' fees in the absence of vexatious or obdurate conduct. Appellant also argues that the October 8, 2015 hearing was conducted in her "medical absence" due to a permanent disability.

Appellant failed to take an appeal from the October 27, 2015 order directing her to pay appellee's counsel fees in the amount of $4,812.50. The October 27, 2015 order was final and appealable. Pa.R.A.P. 341; ***Kulp v. Hrivnak***, 765 A.2d 796, 798-799 (Pa.Super. 2000). Therefore, any claims that relate to the October 8, 2015 hearing or the October 27, 2015 order are waived.

At any rate, for the reasons discussed above, in disposing of appellant's appeal at No. 1426 EDA 2016, this court has already determined that the trial court did not abuse its discretion in awarding attorneys' fees for appellant's vexatious conduct in this matter.[4] Furthermore, as the trial court observes, appellant has never raised a valid claim under the ADA or provided

---

[4] The October 27, 2015 order related to appellant's July 10, 2015 petition, whereas the March 31, 2016 order related to appellant's October 30, 2015 petition. However, the analysis would be the same. Appellee is entitled to be reimbursed for the cost of defending these repetitive, frivolous, and vexatious petitions.

any competent evidence that she has been designated as permanently disabled. (Trial court opinion, 11/4/16 at 6 n.4.)

Regarding her alleged inability to pay, appellant never presented any evidence to support this claim. In fact, appellant conceded that she pays $555 per month to lease a Mercedes. (Notes of testimony, 6/1/16 at 9-10, 14-15.) Appellant never asked for an extension of time to pay the counsel fees, or requested an installment plan. *See Sinaiko v. Sinaiko*, 664 A.2d 1005, 1009 (Pa.Super. 1995) ("The alleged contemnor has the burden of proving the affirmative defense that he has the present inability to comply with the court order." (citation omitted)).

Furthermore, appellant admitted that she did not comply with the court order. (Notes of testimony, 6/1/16 at 6-7.) *Sinaiko*, 664 A.2d at 1009 ("The complaining party has the burden of proving by a preponderance of evidence that a party violated a court order." (citation omitted)). There was no dispute that appellant failed to pay appellee's counsel fees. Appellant simply argued that she lacked the financial ability to pay without providing any supporting evidence. Therefore, the trial court did not abuse its discretion in finding appellant in civil contempt of its October 27, 2015 order.

Next, appellant argues that she was denied the opportunity to cross-examine appellee. Appellee lives in England and did not attend the June 1, 2016 contempt hearing; however, appellant did not dispute that she

failed to pay counsel fees and appellee's testimony was unnecessary. Attorney Rounick appeared on appellee's behalf. In addition, appellant never objected to appellee's absence or argued that his testimony was necessary for litigation of the contempt petition. (Trial court opinion, 11/4/16 at 7-8.) This issue was raised for the first time in appellant's Rule 1925(b) statement. (*Id.* at 8.) Appellant fails to indicate where in the record this matter was preserved in the court below. As such, it is being raised for the first time on appeal and is deemed waived. ***Commonwealth v. Williams***, 980 A.2d 667, 671 (Pa.Super. 2009), ***appeal denied***, 990 A.2d 730 (Pa. 2010), citing Pa.R.A.P. 2117(c) and 2119(e); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2017

- 18 -