J-A14024-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: KLIONSKY FAMILY FOUNDATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: MATTHEW KLIONSKY, NINA KLIONSKY, AND RUTH KLIONSKY SHAPIRO | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1237 WDA 2019 |

Appeal from the Order Entered July 15, 2019
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  2591 of 2019

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          FILED SEPTEMBER 29, 2020

Matthew Klionsky, Nina Klionsky, and Ruth Klionsky Shapiro (collectively, "Appellants") appeal the order sustaining the Preliminary Objections of the Klionsky Foundation[1] and dismissing Appellants' Petition to be named trustees. Appellants argue they have standing based on their special interest in the Foundation. We affirm.

The relevant facts are as follows. Bernard and Esther Klionsky, husband and wife, had four children: Nina, Matthew, Ruth (i.e., Appellants), and Daniel. In 1998, Bernard and Esther created the Klionsky Foundation, a charitable trust, of which Bernard and Esther were the initial trustees. The original trust instrument provided for at least five and as many as nine trustees.

_____

[1] Although the caption lists the "Klionsky Family Foundation," this dispute involves the Klionsky Foundation, not the Klionsky Family Foundation. See Petition, Ex. A (trust instrument, naming the trust the "Klionsky Foundation"); Preliminary Objections, 6/10/19, at ¶ 1; Trial Court Opinion at 1 n.1.

Bernard and Esther amended the trust instrument in 2015 to change the number of trustees to at least one but no more than five trustees. Although Bernard and Esther had given Daniel a power of attorney, they executed the Amendment themselves. The Amendment appointed Daniel as a third trustee, and Matthew as a successor trustee, should Daniel be unable or unwilling to fulfill his duties. Esther and Bernard died in 2016 and 2017, at the respective ages of 86 and 92. In 2018, Daniel appointed his four daughters – Cipora, Yael, Iris, and Noa – as the remaining four trustees.

In 2019, Appellants commenced this action by filing a Petition against the Foundation, seeking to be named as trustees. They alleged that neither Esther nor Bernard knowingly or intelligently executed the 2015 Amendment, and that Daniel breached his fiduciary duty as his parents' power of attorney and exerted undue influence over his parents "to have himself solely appointed as trustee." Pet., 4/17/19, at ¶¶ 16-18. They claimed this was at odds with their parents' "prior stated intention to appoint all four of their children as successor trustees," and that Daniel had "acknowledg[ed] in 2014 that all four siblings should collectively succeed their parents as the trustees of the Foundation." Id. at ¶¶ 13-14. Appellants claimed that not being appointed as trustees is "not fair and deprives [them] of substantial economic and reputational value." Id. at ¶ 15.

The Foundation filed Preliminary Objections. The Foundation objected that Appellants have no standing to enforce the provisions of the trust, under 20 Pa.C.S.A. § 7735. The Preliminary Objections also set forth two demurrers.

The Foundation did not attach a notice to plead with their Preliminary Objections. The Commonwealth of Pennsylvania, through the Office of Attorney General and acting as parens patriae, intervened. Following argument,[2] the court sustained the Preliminary Objections and dismissed the Petition.

Appellants filed a Motion for Reconsideration, arguing that the Preliminary Objections raised a question of fact – whether they have standing based on their special interest in the Foundation – and that the court did not give the parties the opportunity to develop the record under Rule of Orphans Court 3.9(d)(2). See Pa. O.C. Rule 3.9(d)(2). Appellants also argued the court was obligated to overrule the Preliminary Objections because the Foundation did not attach a notice to plead.

After the Foundation and the Office of the Attorney General responded, the court denied the Motion for Reconsideration. In its Rule 1925(a) opinion, the trial court explained that it dismissed the Petition because Appellants lack standing to enforce the trust, and because there are no vacant trustee positions to which it could appoint Appellants. See Trial Court Opinion, 9/18/19, at 2-3.

Appellants filed a notice of appeal. They ask this Court to decide the following: "Whether the trial court erred by dismissing this action without

_____

[2] Transcript of the argument is not in the certified record.

- 3 -

following the proper procedure to decide a preliminary objection raising a question of fact - i.e., Appellants' standing?" Appellants' Br. at 4.

We review an Orphans' Court order sustaining preliminary objections for an error of law or abuse of discretion. Rellick-Smith v. Rellick, 147 A.3d 897, 901 (Pa.Super. 2016). We accept as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. Id. (quoting Estate of Gentry v. Diamond Rock Hill Realty, LLC, 111 A.3d 194, 198 (Pa.Super. 2015)). If any doubt exists whether the petitioner will be able to prove facts establishing the right to relief, the court should overrule the objections. Id. "Threshold issues of standing are questions of law; thus, our standard of review is de novo and our scope of review is plenary." Id. (quoting Johnson v. Am. Std., 8 A.3d 318, 326 (Pa. 2010)).

Appellants argue that whether they have standing turns on questions of fact, and the court erred by deciding they did not have standing before taking any evidence. Appellants claim the court did not adhere to Orphans Court Rule 3.9(d)(2), which states that if a preliminary objection raises an issue of fact, the court shall consider evidence by deposition or otherwise. See Pa. O.C. Rule 3.9(d)(2). Appellants also argue that the official comment to Rule 3.9 states that if a preliminary objection is based on standing, it cannot be determined from the facts of record, and the court must overrule the objection unless the moving party included a notice to plead. See Pa. O.C. Rule 3.9, Explanatory Comment. Appellants assert they have standing because Daniel

coerced their parents into excluding them from the Foundation and they have a "special interest" in their family's foundation. Appellant's Br. at 11, 12.

The Foundation maintains that Appellants do not have "special interest" standing simply because they were the settlors' children, and they lack any substantial, direct, or immediate interest in the Trust. The Office of the Attorney General, for its part, argues that if Appellants felt the Foundation was being mismanaged, or that Daniel had exerted undue influence or violated his duty of loyalty when the Klionskys amended the Foundation in 2015, they should have reported these allegations to it.

Our Supreme Court has described the doctrine of standing as "a prudential, judicially created principle designed to winnow out litigants who have no direct interest in a judicial matter." Rellick-Smith, 147 A.3d at 901 (quoting Office of Governor v. Donahue, 98 A.3d 1223, 1229 (Pa. 2014)). Standing requires that the controversy be "real and concrete," such that the party initiating litigation has been "aggrieved." Id. (quoting Donahue, 98 A.3d at 1229).

A party is "aggrieved" for purposes of standing if the party has a substantial, direct, and immediate interest in the outcome of litigation. Id. (citing Donahue, 98 A.3d at 1229). A party's interest is "substantial" if "it surpasses the interest of all citizens in procuring obedience to the law[.]" Id. (quoting Donahue, 98 A.3d at 1229). "It is 'direct' when "the asserted violation shares a causal connection with the alleged harm[.]" Id. (quoting Donahue, 98 A.3d at 1229). It is "immediate" when "the causal connection

with the alleged harm is neither remote nor speculative." Id. (quoting Donahue, 98 A.3d at 1229). Those with standing to bring an action to enforce a charitable trust include the Attorney General, a charitable organization named in the trust instrument, or "someone having a special interest in the trust." In re: Milton Hershey Sch., 911 A.2d 1258, 1262 (Pa. 2006); see also 20 Pa.C.S.A. § 7735(c).

In general, private parties do not have "special interest" standing to enforce charitable trusts for which the public is the intended beneficiary. In re: Milton Hershey Sch., 911 A.2d at 1262. For example, in In re: Milton Hershey School, the Pennsylvania Supreme Court found that the Milton Hershey School's Alumni Association did not have "special interest" standing to enforce a charitable trust and challenge an agreement between the Milton Hershey School and the Attorney General. 911 A.2d at 1263. Despite the Association's "real and commendable" concern, it was not a beneficiary of the trust, and did not have an actual interest. Id. The Court pointed out that the Attorney General has statutory authority to enforce charitable trusts, and although the Association had authority to lobby the Attorney General, it did not have the direct interest necessary for standing. Id.

The Orphans' Court did not err in dismissing the Petition because, as a matter of law, Appellants do not have standing. Appellants are not listed in

the trust instrument,[3] and have no "actual," personal, and immediate interest in the Foundation. Id.; 20 Pa.C.S.A. § 7735(c). As they have not alleged any facts that would support standing, the court did not err in sustaining the Preliminary Objections without allowing for the presentation of additional evidence.

Although the Foundation did not attach a notice to plead, that failure did not doom its Preliminary Objections in this case. The trial court was not bound by the statement in the explanatory comment that preliminary objections to standing "cannot be determined from the facts of record." Pa. O.C. Rule 3.9, Explanatory Comment; Estate of Paterno v. Nat'l Collegiate Athletic Ass'n (NCAA), 168 A.3d 187, 200 n.13 (Pa.Super. 2017) ("explanatory comments express the opinion of the rules drafting committee and therefore are not binding"). Moreover, the failure to attach a notice to plead merely relieves the responding party of the duty of filing a pleading denying factual averments. Here, even accepting as true all facts Appellants assert, they lack standing.

Order affirmed.

_____

[3] Insofar as the 2015 Amendment listed Matthew as a successor trustee, Matthew has not alleged that Daniel is unwilling or unable to perform his duties as trustee, and is not claiming standing on that basis.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:   9/29/2020